UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| CHRISTOPHER STEPHEN JONES, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No.: 3:21-CV-123-KAC-DCP |
| v. | ) | |
| STATE OF TENNESSEE, | ) | |
| TONY PARKER, LISA PARKS, and | ) | |
| MELISSA CAMPBELL, | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on Plaintiff's "Motion to Vacate or for Reconsideration of the Judgment and for Leave to Amend and Supplement the Complaint" [Doc. 83]. For the reasons stated below, the Court **GRANTS** Plaintiff's Motion **IN PART** to correct certain typographical errors but otherwise **DENIES** Plaintiff's Motion.

I. BACKGROUND

Plaintiff Christopher Stephen Jones, an inmate in the Tennessee Department of Correction ("TDOC"), filed a pro se complaint, as amended, alleging that the state-sanctioned collection of funds from his inmate account to pay the costs of his criminal prosecution violates federal law, state law, and the Constitution [*See* Doc. 30]. On September 19, 2022, this Court entered a Memorandum Opinion and Order [Doc. 81] and Judgment [Doc. 82] denying Plaintiff's motions to file a Second Amended Complaint and granting Defendants' motion to dismiss Plaintiff's operative Amended Complaint. The Court concluded that (1) "TDOC has authority to recoup the costs of Plaintiff's prosecution under Tennessee law," [*see* Doc. 81 at 7]; (2) Plaintiff failed to state an equal protection claim because he did not "allege[] that he is a member of a suspect class, nor [did] he demonstrate[] a fundamental right to wages for the work he performed while

incarcerated," [*id.*]; (3) Plaintiff failed to present a viable due process claim "because he has no protected property or liberty interest in the employment or wages earned through a prison work-release program," [*id.* at 9]; (4) "Plaintiff has no right to raise a tax-fraud claim on behalf of the United States Government," [*id.* at 10]; (5) Plaintiff did not "sufficiently allege[] that any federal right or privilege of his was violated" to assert a civil conspiracy claim under 42 U.S.C. § 1985, [*id.* at 11]; (6) Plaintiff failed to assert a claim under the Consumer Credit Protection Act because there is no private right of action for an alleged violation of wage garnishment limitations, [*id.* at 12]; (7) Plaintiff failed to state a claim under 18 U.S.C. § 1761 and 26 U.S.C. § 7212 because those statutes "are criminal in nature and do not provide a basis for a private cause of action in a civil suit," [*id.* at 12]; and (8) the State of Tennessee and its employees, in their official capacities, are entitled to sovereign immunity, [*id.* at 13-14]. The Court also declined to exercise supplemental jurisdiction over Plaintiff's remaining state law claims [*Id.* at 14].

Plaintiff then filed a "Motion to Vacate or for Reconsideration of the Judgment and for Leave to Amend and Supplement the Complaint" [Doc. 83]. In his Motion, Plaintiff seeks relief from the Court's judgment under Rules 59(e), 60(a), and 60(b)(1). Plaintiff asserts the following grounds for relief:

- The Court erred in "viewing and holding Plaintiff's Motion for Leave to Supplement the Complaint, filed under Rule 15(d) of the Fed. R. Civ. P., to the requirements of amending a complaint under Rule 15(a)(2)," [Doc. 84 at 3];

- The Court committed "a manifest error of law" in "[a]rriving at the conclusion the Court did" regarding "post-deprivation remedies and pre-deprivation due process hearing denials," [Doc. 86 at 5];

- The Court committed a manifest error of law in failing "to pass on the federal preemption of T.C.A. § 40-25-143(b) or TDOC Policy 208.03," [Doc. 84 at 8];

- The Court "mistakenly paraphrased" *Whipple v. Tennessee Bd. of Paroles*, No. 18-5390, 2019 WL 1804845, *4 (6th Cir. Jan. 3, 2019) "and neglected to include the word 'not' or instead using the contraction 'couldn't'" [Doc. 84 at 4];

- The Court "mistakenly labeled the Central Trust Fund Administration as 'CFTA' instead of 'CTFA'" [*Id.* at 6];

- The Court mistakenly identified "TOMIS" as the "Task Order Management and Information System" instead of the "Tennessee Offender Management Information System" [*Id.*];

- The Court cited to "non-existent Tennessee law" because "T.C.A. § 40-25-129 contains no Section (5) or (7)" [*Id.* at 12];

- The Court erred in "disregarding Plaintiff's filings mistakenly filed in clerical error, originally filed as Docs 39 and 40," [Docs. 84 at 1; 86 at 4];

- "[T]he Court committed a manifest error of law in failing to recognize the applicable law making possible Plaintiff's fraud claims," specifically 26 U.S.C. § 7623(d)(2)(A)(ii), [Doc. 86 at 4];

- The Court's "failure to recognize" Tenn. Code Ann. § 41-6-204 "is a manifest error of law," [*Id.*]; and

- The Court "committed a manifest error of law in failing to recognize indigent Plaintiff as part of a class," [*Id.* at 5].

II. ANALYSIS

Plaintiff is not entitled to substantive relief from the Court's judgment. However, as described below, the Court will correct certain typographical errors in its Memorandum Opinion and Order.

3

### A. Rule 59(e)

A court "may grant a timely Rule 59 motion to alter or amend judgment to correct a clear error of law; to account for newly discovered evidence or an intervening change in the controlling law; or to otherwise prevent manifest injustice." *Volunteer Energy Servs., Inc. v. Option Energy, LLC*, 579 F. App'x 319, 330 (6th Cir. 2014) (quoting *Doran v. Comm'r of Soc. Sec.*, 467 F. App'x 446, 448 (6th Cir. 2012)). However, Rule 59(e) cannot be "used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citation omitted). Dissatisfaction with the Court's initial judgment or disagreement with the Court's conclusions is not sufficient to support a Rule 59(e) motion. *See, e.g., Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977) ("Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge."). Therefore, Rule 59(e) does not provide a litigant the "opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (citation omitted).

Plaintiff's Motion, Memorandum in Support, and Reply do not contain any newly discovered material evidence, nor do they reveal any manifest error of law [*See* Docs. 83, 84, 86]. Instead, Plaintiff seeks another opportunity to argue his case and express disagreement with the Court's conclusions [*See* Doc. 84 at 3, 5, 8, 12]. The Court's conclusions were, and remain, accurate and grounded in the law. Plaintiff does identify a newly issued Tennessee Attorney General Opinion No. 98-099[1], which was apparently not available to Plaintiff when filing his

---

[1] Plaintiff attempted to raise the Attorney General's Opinion in his "Amendment of Plaintiff's Response to Defendants' Motion to Dismiss Amended Complaint," [Doc. 39], and "Amendment of Memorandum of Law and Facts in Support of Plaintiff's Response to Defendants; Motion to Dismiss Amended Complaint," [Doc. 40],but, as discussed below, the Court appropriately refused to consider these unsigned filings.

4

Amended Complaint. But the Attorney General Opinion does not call into question the accuracy of the Court's determinations. Accordingly, the Court **DENIES** Plaintiff's request for relief under Rule 59(e).

**B.     Rule 60(a)**

Plaintiff also seeks relief under Rule 60(a) to correct clerical errors in the Court's Memorandum Opinion and Order [Doc. 84 at 6]. Rule 60(a) permits the correction of "a clerical mistake." Fed. R. Civ. P. 60(a). Plaintiff asserts that the Court "mistakenly paraphrased" *Whipple*, 2019 WL 1804845, at *4, "and neglected to include the word 'not' or instead using the contraction 'couldn't'" [Doc. 84 at 4]. Plaintiff also maintains that the Court incorrectly identified what "TOMIS" stands for, and that it misidentified the acronym for the Central Trust Fund Administration [*Compare* Doc. 81 at 3 *with* Doc. 84 at 6]. Plaintiff's Motion with respect to these typographical errors is well taken. Accordingly, the Court **GRANTS** Plaintiff's motion under Rule 60(a) and amends its prior Memorandum Opinion and Order to state that "there is nothing to suggest that Plaintiff could not assert his proposed additional claims against the twelve additional defendants in a separate action. *See Whipple*, 2019 WL 1804845, at *4" [*See* Doc. 81 at 2]. The Court also amends the prior opinion to identify "TOMIS" as the "Tennessee Offender Management Information System" and to classify the Central Trust Fund Administration using the acronym "CTFA" [*See* Doc. 81 at 3].

Further, Plaintiff's assertion that the Court relied on non-existent provisions of Tenn. Code Ann. § 40-25-129 is not a substantive mistake, but instead identifies a typographical error [*See* Doc. 84 at 12]. The Court's reference to Tenn. Code Ann. § 40-25-129 should read "Tenn. Code Ann. §§ 40-25-129(c)(5), (7)" [*See* Doc. 81 at 7]. *See* Tenn. Code Ann. §§ 40-25-129(c)(5) ("This section does not absolve a convicted defendant of liability of cost."), 40-25-129(c)(7) ("This section does not prohibit the department of correction from collecting from an inmate trust fund in

5

accordance with § 40-25-143."). The correction of these typographical errors gives no cause for any further relief under Rule 60(a).

    **C.**    **Rule 60(b)(1)**

Under Rule 60(b)(1), a court may grant relief from a final judgment based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Plaintiff alleges that he is entitled to relief under Rule 60(b)(1) because the Court erred in "disregarding" his amended response to Defendants' motion to dismiss docket entries numbered 39 and 40 [Doc. 84 at 1-2]. The Court expressly decline to consider docket entries 39 and 40 because Plaintiff did not sign the entries [*See* Doc. 81 at 1 n.1]. The Federal Rules of Civil Procedure require the Court to "strike an unsigned paper unless the omission is promptly corrected[.]" Fed. R. Civ. P. 11(a). Plaintiff argues that he attempted to correct the filing error on July 5, 2022 and that the Court should consider his corrected filings [*See* Doc. 84 at 2; *see also* Doc. 60]. The Court need not decide this issue, however, because even if the Court considered Plaintiff's corrected filings, they would not change the outcome of this case as Plaintiff filed another nearly identical amended response [*Compare* Doc. 62 *with* Docs. 39, 40].

Plaintiff also alleges that he is entitled to relief because the Court failed "to accurately comprehend the claims raised" [Doc. 86 at 2]. However, "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014) (citing *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001)). Neither is it "a substitute for, nor a supplement to, an appeal." *GenCorp, Inc. v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007) (citation omitted). Plaintiff's Motion does not assert that the Court misconstrued his Amended Complaint.

6

Instead, Plaintiff disagrees with the Court's decision and attempts to relitigate claims this Court has dismissed.

Further, Plaintiff's assertion that the Court committed a manifest error of law in failing to recognize that 26 U.S.C. § 7623(d)(2)(A)(ii) and Tenn. Code Ann. § 41-6-204 provide a cause of action is unfounded [*See* Doc. 86 at 4]. 26 U.S.C. § 7623(d)(2)(A)(ii) authorizes a private citizen to allege a violation of the internal revenue laws under certain circumstances, but Plaintiff has not suffered any injury for which Section 7623(d)(3) provides a remedy. *See* 26 U.S.C. § 7623(d)(3). Accordingly, Plaintiff lacks standing to bring a claim under this section. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992) ("Over the years, our cases have established that the irreducible constitutional minimum of standing contains three elements"—injury, causation, and redressability). And nothing in Section 41-6-204 of the Tennessee Code indicates that the Tennessee legislature intended to create a private cause of action. *See Mik v. Fed. Home Loan Mortg. Corp.*, 743 F.3d 149, 159 (6th Cir. 2014) ("Unless . . . intent can be inferred from the language of the statute, the statutory structure, or some other source, the essential predicate for implication of a private remedy simply does not exist." (citations omitted)).

Plaintiff's claim that the Court erred in "failing to recognize indigent Plaintiff as part of a class" fairs no better [Doc. 86 at 5]. Even assuming that indigent prisoners could qualify as a class under 42 U.S.C. § 1985, the Court cannot determine whether Plaintiff is, in fact, indigent. Plaintiff refers to himself as indigent throughout his Amended Complaint but does not assert that any court has adjudged him indigent, nor does he assert facts to establish that he was in fact indigent at the relevant time [*See generally* Doc. 30]. Accordingly, Petitioner has not adequately pled that he is a member of any class of indigent prisoners such that he may assert a cognizable claim under

7

Section 1985. *See Warner v. Greenebaum, Doll & McDonald*, 104 F. App'x 493, 498 (6th Cir. 2004).

Finally, to be granted relief under Rule 60(b)(1), a party must demonstrate a meritorious claim. *See Marshall v. Monroe & Sons*, 615 F.2d 1156, 1160 (6th Cir. 1980). Nothing in Plaintiff's Motion and supporting documents suggest that he asserts any meritorious claim. Accordingly, the Court **DENIES** relief under Rule 60(b)(1).

### III. REQUEST FOR LEAVE TO AMEND AND SUPPLEMENT COMPLAINT

Plaintiff also seeks leave to further amend and supplement his Amended Complaint [*See* Docs. 83, 84]. However, "[w]hen a party seeks to amend a complaint after an adverse judgment," he "must shoulder a heavier burden." *Leisure Caviar, LLC v. U.S. Fish & Wildfire Serv.*, 616 F.3d 612, 616 (6th Cir. 2010). "The claimant must meet the requirements for reopening a case established by Rules 59 or 60." *Id.* As analyzed above, Plaintiff is not entitled to reopen this case under Rule 59 or Rule 60. Accordingly, the Court **DENIES** Plaintiff's request to amend and supplement his Amended Complaint.

### IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's Motion [Doc. 83] **IN PART** to correct certain typographical errors and **DENIES** the Motion in all other respects.

**SO ORDERED.**

**ENTER:**

                                      s/ Katherine A. Crytzer
                                      KATHERINE A. CRYTZER
                                      United States District Judge